United States District Court
Southern District of Texas
**ENTERED**
October 09, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN COOLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-25-2040 |
| | § | |
| BP EXPLORATION & PRODUCTION, INC., *et. al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

ORDER

Pending before the Court is Defendant Mistras Group, Inc.'s Motion for Summary Judgment (Document No. 41). Having considered the motion, submissions, and applicable law, the Court determines that the motion for summary judgment should be granted.

I. BACKGROUND

This is a negligence matter brought under the Outer Continental Shelf Lands Act ("OCSLA"). On October 3, 2024, Plaintiff was working as an engineer on Thunder Horse, a platform owned by Defendant BP Exploration & Production, Inc. ("BP"). Plaintiff alleges that he was walking down a hallway when his coveralls became caught on a piece of protruding metal. Plaintiff alleges that he fell and suffered injuries. Plaintiff further alleges that Defendants Mistras Group, Inc. ("Mistras"), STC Coatings, Inc. ("STC"), and Defendant Surface Technologies

Corporation ("Surface Tech") "were performing maintenance operations on the crew quarter floors at or near the time of the incident."[1]

Based on the foregoing, on April 3, 2025, Plaintiff filed suit in the 157th Judicial District Court of Harris County, Texas, asserting claims against Defendants for negligence, negligence per se, and gross negligence.[2] On May 5, 2025, Defendant BP removed this matter to this Court pursuant to the OCSLA.[3] On September 16, 2025, Plaintiff amended his complaint.[4] On June 16, 2026, Defendant Mistras moved for summary judgment.[5] On July 14, 2026, Plaintiff responded in opposition.[6]

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

---

[1] *Plaintiff's Amended Complaint*, Document No. 19 at 3.

[2] *See Notice of Removal*, Document No. 1, Exhibit A at 1 (*Plaintiff's Original Complaint*).

[3] *See Notice of Removal*, Document No. 1 at 1.

[4] *See Plaintiff's Amended Complaint*, Document No. 19 at 1.

[5] *See Defendant Mistras Group, Inc.'s Motion for Summary Judgment*, Document No. 41 at 1.

[6] *See Plaintiff's Response to Mistras Group's Motion for Summary Judgment*, Document No. 44 at 1.

Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary judgment. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for

evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

## III. LAW & ANALYSIS

Defendant Mistras moves for summary judgment, contending there is no genuine issue of material fact for a jury to consider in this matter. In response, Plaintiff contends that there is a dispute as to a material fact and that Mistras's motion for summary judgment should be denied.

Generally, under the OCSLA, the law of the adjacent state applies. *See* 43 U.S.C. § 1333(a)(2)(A). Here, the parties agree that, to the extent it is not inconsistent with federal law, Louisiana law applies.[7] To succeed on a negligence claim in Louisiana, "a plaintiff must prove five separate elements: (1) the defendant has a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard of care;

---

[7] *See Defendant Mistras Group, Inc.'s Motion for Summary Judgment*, Document No. 41 at 6; *Plaintiff's Response to Mistras Group's Motion for Summary Judgment*, Document No. 44 at 7.

(3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages." *S.J. v. Lafayette Par. Sch. Bd.*, 2009-2195 (La. 7/6/10), 41 So. 3d 1119, 1125 (citation omitted). "One independent contractor owe[s] no duty to another independent contract's employee where it does not employ, share a contract, or actually supervise the plaintiff." *McCarroll v. Wood Group Management Services, Inc.*, 561 Fed. Appx. 407, 410 (5th Cir. 2014) (citing *Parker v. Petroleum Helicopters, Inc.*, 2002 WL 461655 at *1 (E.D. La. March 20, 2002)).

Here, Mistras contends that "Mistras owed no duty of care to Cooley because there was no employment relationship; Mistras did not supervise or control Cooley's work or the work Cooley complains of; and Mistras and Cooley's employer, Valaris, were contractors on the Thunder Horse, performing entirely separate work."[8] In response, Plaintiff contends that "[b]y accepting and performing the cleanup tasks, Mistras owed a duty to exercise reasonable care in completing the tasks as to not create a hazard, nor increase the risk of harm to a third party."[9]

---

[8] *See Defendant Mistras Group, Inc.'s Motion for Summary Judgment*, Document No. 41 at 2.

[9] *Plaintiff's Response to Mistras Group's Motion for Summary Judgment*, Document No. 44 at 12.

The Court begins by considering Mistras's role with respect to the Thunder Horse. "Mistras was hired to perform sandblasting, coating, and painting work in the outdoor areas of the Thunder Horse."[10] The only time Mistras was involved with any work relating to the living quarters aboard Thunder Horse was helping remove trash bags from the living quarters in preparation for a hurricane.[11] Plaintiff attempts to argue that "Louisiana's Supreme Court confirmed that a person or party who agrees to perform a task is subject to liability to a third person for physical harm resulting from a failure to exercise reasonable care[.]"[12]

In support of this argument, Plaintiff relies on an overly broad misapplication of *Pickard*. Despite Plaintiff's contention, *Pickard* does not impose a duty on anyone who agrees to perform a task for a third person. Rather, *Pickard* holds that a defendant assumes a duty "when undertaking the rendition of services to another, which the defendant should recognize as necessary for the protection of a third person." *Pickard v. Amazon.com, Inc.*, 387 So. 3d 515, 524 (La. 2024) (citation omitted). *Pickard* further holds that "the courts should consider the scope of the

---

[10] *Defendant Mistras Group, Inc.'s Motion for Summary Judgment*, Document No. 41 at 9.

[11] *Defendant Mistras Group, Inc.'s Motion for Summary Judgment*, Document No. 41, Exhibit C at 200:23-201:05 (*Deposition of Jesus Salinas*).

[12] *Plaintiff's Response to Mistras Group's Motion for Summary Judgment*, Document No. 44 at 10 (citing *Pickard v. Amazon.com, Inc.*, 387 So. 3d 515 (La. 2024)).

defendant's involvement, the extent of defendant's authority, and defendant's underlying intent." *Pickard*, 387 So. 3d at 525 (citation omitted). The Court notes that Mistras was merely assisting with the removal of trash in preparation for a hurricane.[13] With respect to the crew quarters, Mistras's scope was limited to this task.[14] Mistras had essentially no authority and certainly no intent to make sure the floors were safe.[15] Plaintiff provides no relevant summary judgment evidence to the contrary and provides no evidence to suggest that Mistras should recognize that moving trash bags was necessary for the protection of Plaintiff.[16]

Plaintiff further contends that "[r]emoving trash was not a task independent of ensuring floor safety" and that "'the inspection of the flooring work is done in

---

[13] *See Deposition of Jesus Salinas, supra* note 11 at 200:23-201:05.

[14] *See Deposition of Jesus Salinas, supra* note 11 at 200:23-201:05; *Defendant Mistras Group, Inc.'s Motion for Summary Judgment*, Document No. 41, Exhibit A at 149:04-149:13 (*Deposition of Richard Reiter*) ("We helped move debris for about 10 minutes and allowed a Surface tech to go back to work on their jobsite.").

[15] *See Deposition of Jesus Salinas, supra* note 11 at 200:23-201:05; *Defendant Mistras Group, Inc.'s Motion for Summary Judgment*, Document No. 41, Exhibit D at 141:13-142:12 (*Deposition of Michael White*).

[16] The Court notes that Plaintiff provides evidence that Mistras accepted the cleanup tasks. However, the Court further notes that Plaintiff provides no evidence suggesting that the scope of Mistras's tasks, Mistras's authority, or Mistras's intent rise to a level of where Mistras would owe a duty towards Plaintiff.

connection with throwing trash[.]'"[17] However, the record in this matter clearly establishes that Mistras was asked to take "trash from one location down a hallway and [place] it out of the . . . living quarters."[18] The Court notes that the fact that clearing trash was generally done in conjunction with flooring inspections by other contractors does not necessitate that Mistras, when asked specifically to move trash bags, became responsible for inspecting the floors.

Based on the foregoing, and the clear guidance of the Fifth Circuit that two independent contractors do not owe a duty to one another when one does not employ, share a contract, or supervise the other, the Court finds that Plaintiff has failed to produce sufficient summary judgment evidence suggesting that Mistras owed a duty to Plaintiff. As such, the Court finds that no dispute of material fact exists with respect to Defendant Mistras's duty, and thus, that Mistras's motion should be granted.[19]

---

[17] *Plaintiff's Response to Mistras Group's Motion for Summary Judgment*, Document No. 44 at 12 (citing *Plaintiff's Response to Mistras Group's Motion for Summary Judgment*, Document No. 44, Exhibit 3 at 18-19, 20-21 (*Deposition of Michael White*)).

[18] *Plaintiff's Response to Mistras Group's Motion for Summary Judgment*, Document No. 44, Exhibit 4 at 124:1-2 (*Deposition of Richard Reiter*).

[19] Considering the Court's finding that Mistras did not owe a duty to Plaintiff, the Court declines to consider Mistras's remaining argument that no duty was breached. Furthermore, having found that Mistras owed no duty to Plaintiff, the Court notes that Plaintiff's claims for gross negligence and negligence per se should also be dismissed pursuant to this Order and Mistras's current motion.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Mistras Group, Inc.'s Motion for Summary Judgment (Document No. 41) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's claims against Defendant Mistras Group, Inc. are hereby **DISMISSED**.

SIGNED at Houston, Texas, on this 9 day of October, 2026.

DAVID HITTNER
United States District Judge